PD-0141-15

PD-0141-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/9/2015 10:18:39 AM
Accepted 2/11/2015 2:08:00 PM
ABEL ACOSTA
CLERK

PDR No. _____

# In The Court of Criminal Appeals of Texas

## CLIFFTON JAVON JOHNSON, Appellant

### v.

## THE STATE OF TEXAS, Appellee.

**On Appellant's Petition for Discretionary Review
From the Fourteenth Court of Appeals,
Appeal No. 14-14-00053-CR,
On Appeal from the 268th District Court
of Fort Bend County Texas,
Cause No. 13-DCR-063125.**

## PETITION FOR DISCRETIONARY REVIEW
## FOR APPELLANT, CLIFFTON JAVON JOHNSON

Oral Argument Requested

**Cary M. Faden**
77 Sugar Creek Center Blvd., Suite 230
Sugar Land, Texas 77478
Telephone: (281) 491-6182
Texas Bar No. 06768725
**E-MAIL: caryfaden@aol.com**

Attorney for Appellant

FILED IN
COURT OF CRIMINAL APPEALS

February 11, 2015

ABEL ACOSTA, CLERK

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to TEX. R. APP. P., Rule 38.1(a) and Rule 68.4(a), appellant certifies

that the following is a complete list of the parties to the final judgment and the names

and addresses of counsel in the trial and on appeal:

Appellant:

Cliffton Javon Johnson

Counsel for Appellant:

Roderick Glass (at trial)
301 Jackson Street
Richmond, Texas 77469

**Cary M. Faden** (on appeal)
77 Sugar Creek Center Blvd., Suite 230
Sugar Land, Texas 77478

Counsel for the State of Texas:

John F. Healey, Jr.
Fort Bend County, Texas
District Attorney
301 Jackson Street, Room 101
Richmond, Texas 77469

Trial Judge:

The Honorable Brady G. Elliott

# Table of Contents

Index of Authorities..................................................................................................v

Statement Regarding Oral Argument.....................................................................vi

Statement of the Case............................................................................................vi

Procedural History of the Case..............................................................................vi

Ground for Discretionary Review............................................................................2

## GROUND ONE

**THE FOURTEENTH COURT OF APPEALS ERRED IN REFUSING TO CONDUCT A HARM ANALYSIS AND TO APPLY THE LAW IN AFFIRMING APPELLANT'S CONVICTION.**

Reasons to Grant Review in Support of Ground for Review....................................2

Review is appropriate, under Tex. R. App. P. 66.3(a), because the Court Of Appeals has rendered a decision, which is in conflict with the decisions of another court of appeals on the same matter, namely:

Ground One: *Brooks v. State,* 323 S.W.3d 893,894-95 (Tex. Crim. App. 2010) ; *Burden v. State,* 55 S.W.3d 608, 612 (Tex. Crim. App. 2001); *Garcia v. State,* 367 S.W.3d 683, 688 (Tex. Crim. App. 2012); *Jackson v. Virginia,* 443 U.S. 307, 99 S. Ct. 2781.; *Lane v. State,* 763 S.W.2d 785, 786 (Tex. Crim. App. 1989).

Review is proper, under Tex. R. App. P. 66.3 (b), because the Court Of Appeals has rendered a decision, which encompasses an important question of state law, which has not been, but should be, settled by this Court.

Review is important, under Tex. R. App. P. 66.3(f), because the Court

Of Appeals has so far departed from the accepted and usual course of judicial proceedings, as to call for an exercise of this Court's power of supervision.

Argument And Authorities In Support Of Ground For Review One.................................................................................................3

Prayer for Relief..............................................................................8

Certificate of Service......................................................................10

Appendix-Fourteenth Court Of Appeals Opinion

# INDEX OF AUTHORITIES

## CASES:

*Brooks v. State,* 323 S.W.3d 893,894-95 (Tex. Crim. App. 2010) ........................iii,2,7

*Burden v. State,* 55 S.W.3d 608, 612 (Tex. Crim. App. 2001)...............................iii,2,7

*Garcia v. State,* 367 S.W.3d 683, 688 (Tex. Crim. App. 2012)...............................iii,2,4

*Jackson v. Virginia,* 443 U.S. 307, 99 S. Ct. 2781.......................................................iii,2,7

*Lane v. State,* 763 S.W.2d 785, 786 (Tex. Crim. App. 1989).................................iii,2,4

## STATUES, CODES, AND RULES:

Tex. Penal Code, section 1.07(8)..............................................................................3

Tex. Penal Code, section 22.04(a).............................................................................6

Tex. R. App. P. 66.3(a)...................................................................................iii,2,3

Tex. R. App. P. 66.3(b)...................................................................................iii,2,3

Tex. R. App. P. 66.3(f)....................................................................................iii,2,3

Tex. R. App. P. 68.2............................................................................................vii

Tex. R. App. P. 68.4(c)........................................................................................vi

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Tex. R. App. P. 68.4(c), counsel respectfully requests oral argument. Oral argument would be helpful in the event this petition for discretionary review is granted. This appeal involves questions of law, questions of fact, public policy and procedure which cannot be adequately addressed, analyzed and evaluated through written communication alone. Oral argument is essential to emphasize the unique characteristics of these questions and to address the unforeseeable exigencies arising during the Court's consideration of this appeal.

## STATEMENT OF THE CASE

On May 6, 2013, Cliffton Javon Johnson, Appellant, was indicted in cause number 13-DCR-063125, for the third degree felony offense of injury to the elderly. (1 CR at 13). The offense was alleged to have occurred on or about April 21, 2013. (1 CR at 13). On December 10, 2013, Appellant pleaded not guilty to the indictment. (3 RR at 6). After a jury trial, the Court assessed Appellant's punishment at confinement in the Texas Department of Criminal Justice-Institutional Division for a period of three (3) years, with no fine. (5 CR at 11). On January 7, 2014, Appellant timely filed his notice of appeal. (1 CR at 50).

## PROCEDURAL HISTORY OF THE CASE

On December 23, 2014, the Fourteenth Court of Appeals affirmed Appellant's

conviction. *Johnson v. State*, No. 14-14-00053-CR, slip op. at 1-4 (Tex. App.–Houston [14th Dist.], December 23, 2014, pet. pending). On December 31, 2014, Appellant timely filed his motion for rehearing. The Fourteenth Court Of Appeals overruled and denied Appellant's Motion For Rehearing on January 13, 2015. On February 1, 2015, Appellant timely filed this Petition For Discretionary Review with the Clerk of the Court Of Criminal Appeals. TEX. R. APP. P. 4.1 and 68.2.

PDR No. _____

_____

In The Court of Criminal Appeals of Texas

_____

CLIFFTON JAVON JOHNSON, Appellant

v.

THE STATE OF TEXAS, Appellee.

_____

On Appellant's Petition for Discretionary Review
From the Fourteenth Court of Appeals,
Appeal No. 14-14-00053-CR,
On Appeal from the 268th District Court
of Fort Bend County Texas,
Cause No. 13-DCR-063125.

_____

PETITION FOR DISCRETIONARY REVIEW
FOR APPELLANT, CLIFFTON JAVON JOHNSON

_____

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW Appellant, Cliffton Javon Johnson, by and through his attorney

of record, Cary M. Faden, and files this petition for discretionary review of the

December 23, 2014, decision of the Fourteenth Court of Appeals of Texas in *Johnson*

1

*v. State*, No. 14-14-00053-CR, slip op. at 1-4 (Tex. App. – Houston [14th Dist.],

December 23, 2014, pet. pending); and would respectfully show the Court following:

## GROUNDS FOR REVIEW

## GROUND ONE

**THE FOURTEENTH COURT OF APPEALS ERRED IN REFUSING TO CONDUCT A HARM ANALYSIS AND TO APPLY THE LAW IN AFFIRMING APPELLANT'S CONVICTION.**

REASONS TO GRANT REVIEW IN SUPPORT OF GROUNDS FOR REVIEW

Review is appropriate, under Tex. R. App. P. 66.3(a), because the Court Of Appeals has rendered a decision, which is in conflict with the decisions of another court of appeals on the same matter, namely:

Ground One: *Brooks v. State,* 323 S.W.3d 893,894-95 (Tex. Crim. App. 2010) ; *Burden v. State,* 55 S.W.3d 608, 612 (Tex. Crim. App. 2001); *Garcia v. State,* 367 S.W.3d 683, 688 (Tex. Crim. App. 2012); *Jackson v. Virginia,* 443 U.S. 307, 99 S. Ct. 2781.; *Lane v. State,* 763 S.W.2d 785, 786 (Tex. Crim. App. 1989).

Review is proper, under Tex. R. App. P. 66.3 (b), because the Court Of Appeals has rendered a decision, which encompasses an important question of state law, which has not been, but should be, settled by this Court.

Review is important, under TEX. R. APP. P. 66.3(f), because the Court Of Appeals has so far departed from the accepted and usual course of judicial proceedings, as to call for an exercise of this Court's power of supervision.

2

## ARGUMENT AND AUTHORITIES IN SUPPORT OF
## GROUND FOR REVIEW ONE

In its December 23, 2014, opinion, the Fourteenth Court Of Appeals affirmed Appellant's conviction in finding the evidence sufficient, but did not conduct any meaningful analysis, did not apply the law, and refused to conduct a harm analysis.

This Court should review this issue, and review is appropriate, under Tex. R. App. P. 66.3(a), because the Court Of Appeals has rendered a decision, which is in conflict with the decisions of another court of appeals on the same matter; and review is appropriate, under Tex. R. App. P. 66.3 (d), because the Court Of Appeals appears to have misconstrued a statute, rule, regulation, or ordinance; and review is important, under Tex. R. App. P. 66.3(f), because the Court Of Appeals has so far departed from the accepted and usual course of judicial proceedings, as to call for an exercise of this Court's power of supervision.

The Fourteenth Court Of Appeals stated in its opinion: A person commits the offense of injury to the elderly if he intentionally, knowingly, recklessly, or with criminal negligence, engages in conduct that causes to an elderly individual: (1) serious bodily injury; (2) serious physical or mental deficiency or impairment; (3) disfigurement or deformity; or (4) bodily injury. Bodily injury is defined as, "physical pain, illness, or any impairment of physical condition." Tex. Penal Code § 1.07(8).

3

This definition is broadly construed to include "even relatively minor physical contacts so long as they constitute more than mere offensive touching." *Lane v. State*, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989)." A fact finder may infer that a victim actually felt or suffered physical pain because people of common intelligence understand pain and some of the natural causes of it." *Garcia v. State*, 367 S.W.3d 683, 688 (Tex. Crim. App. 2012).

The record reflects testimony from the victim and two witnesses that appellant hit Johnson so hard that Johnson fell to the ground. Johnson testified that his left arm and hip were injured. The State admitted a photograph of Johnson showing the injury to his face. Based on Johnson's testimony, and the jury's view of the photographs showing Johnson's injury, a rational juror could have concluded that Johnson suffered bodily injury as a result of appellant striking him. Therefore, we conclude a rational jury could have found beyond a reasonable doubt that appellant committed the offense of injury to the elderly. The Fourteenth Court overruled appellant's sole issue.

It is Appellant's contention that the State called Charlie Johnson, Jr., the alleged victim in the case, who testified on April 21, 2013, his grandson, Cliffton Johnson, was living with him at that time. His date of birth is June the 19, 1931, or 82 years old. On April 21, 2013, at some point, Appellant got into an altercation with

4

Patrick his friend. Charlie went outside to see what was going on. He saw Appellant hit Patrick. He talked to him in the driveway. Appellant told him, "You -- you -- he said, "You know it's something that -- you ain't did what God told you to do." That's when he hauled off and hit him. He hit him over the right eye. He fell on his left side. He scarred up his left arm. He said it hurt. (3 RR at 14-29). Cross examination, he stated on this day he had been drinking, when his grandson arrived, he was inside the house. He went outside when he heard the noise, he tried to talk to him, and he got hit. He did not get medical attention after he was injured. He admitted he did push Cliffton that day. (3 RR at 29-38).

Appellant testified at trial and said on April 21, he was drinking that day. An altercation ensued, at some point, his grandfather got hit. He did not intentionally hit his grandfather. Appellant and his uncle was tussling. His grandfather jumped in between them and he fell on the ground and hit his head, at that time when he fell, Appellant was the one that tried to pick him up, and Appellant was punched in the face by his uncle. (4 RR at 5-14). Cross examination, on April 21, 2013, Appellant said they attacked him because he was accused of hitting his grandfather when his grandfather stepped between Appellant and his Uncle Keith. He fell within the tussle, the scuffle between them. Charlie threw his hands up right in between us. He got right in between both of them. Appellant said it could have been reckless for him to

5

actually, if he hit his grandfather, it could have been reckless for him to hit his grandfather. Appellant said, "Yes, yes, it could have been so." (4 RR at 14-43).

Appellant testified at the punishment phase that he accidentally or recklessly struck his grandfather. The elements of injury to an elderly individual do not require an intentional or knowing act. *See* TEX. PEN. CODE ANN. § 22.04(a). Further, either bodily injury or serious bodily injury satisfies the injury element of the offense. *See id.* Appellant challenges on appeal the sufficiency of the evidence to sustain the element of bodily injury to Charles Johnson. Appellant argues that the evidence is legally insufficient to support a guilty verdict.

As briefed in a legal sufficiency argument, this Court will view the evidence in a light most favorable to the State, and therefore do not evaluate the credibility of witnesses. In this cause, the record shows clearly that Charlie Johnson's testimony regarding Appellant, the testimony can only be described as confusing, they both claimed to be unsure of specificity. There was no medical evidence of an assault presented, there was no physical evidence presented at trial. The jury heard both Charlie's and Appellant's inconsistent statements. An examination of the evidence in the light most favorable to the verdict, no rational jury could have found the elements of the offenses beyond a reasonable doubt.

This Court can not conclude by legally sufficient evidence in this cause that

Appellant intentionally and knowingly caused bodily injury to Charles Johnson, a person over 65 years of age, hereinafter called complainant, by striking him.

The mere fact that the central witness Charlie Johnson's testimony was confused, inconsistent, with limited memory. Appellant suggests that the State's investigation was wholly based upon the witnesses lack of credibility. Thus, the evidence was legally insufficient to find Appellant guilty of injury to an elderly individual. *Brooks v. State,* 323 S.W.3d 893,894-95 (Tex. Crim. App. 2010) (plurality op.); *id.* at *926* (Cochran, J., concurring). *Jackson v. Virginia,* 443 U.S. 307, 99 S. Ct. 2781. *Burden v. State,* 55 S.W.3d 608, 612 (Tex. Crim. App. 2001). Thus, with the view of all of the evidence in the light most favorable to the verdict to determine whether the fact finder was rationally justified in finding guilt beyond a reasonable doubt, the evidence was legally insufficient to find Appellant guilty. *Brooks v. State,* 323 S.W.3d 893, 894 (Tex. Crim. App.2010) (plurality opinion); *id.* at 926 (Cochran, J., concurring). *Jackson v. Virginia,* 443 U.S. 307, 99 S. Ct. 2781. *Burden v. State,* 55 S.W.3d 608, 612 (Tex. Crim. App. 2001). This Court should grant this Petition For Discretionary Review.

Appellant is in dispute with the Fourteenth Court's opinion issued and requests that this Court consider this Petition For Discretionary Review. Appellant urges this Petition based upon the fact that this Court attempts to address the issues as briefed.

The Court Of Appeals lack of cited case law has departed from the accepted and usual course of judicial proceedings and the case law cited by Appellant in his Petition For Discretionary Review, as to call for an exercise of this Court's power of supervision.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant, Cliffton Javon Johnson, prays that the Court grant the Petition For Discretionary Review for Appellant, order briefing on this cause, and set it for submission at the earliest possible date. Moreover, upon submission and review of the appellate record and the briefs and arguments of counsel, the Court issue an opinion resolving this conflict so that the bench and bar of this state will know how to address and dispose of similar issues in the future.

Respectfully submitted,

/s/**CARY M. FADEN**
**Cary M. Faden**
SBN 06768725
Counsel for Appellant
77 Sugar Creek Center Blvd., Suite 230
Sugar Land, Texas 77478
Telephone: (281) 491-6182
Facsimile: (281) 491-0049
**E-Mail: caryfaden@aol.com**

Attorney For Appellant

8

<u>CERTIFICATE OF COMPLIANCE, T.R.A.P., RULE 9.4(3)</u>

In accordance with TEX. R. APP. P. 9.4(3), I Cary M. Faden, certify that this is a computer generated document and I state that the number of words in this document is approximately 2,630 words. I am relying on the word count of the computer program used to prepare this document.

**/s/CARY M. FADEN**
**Cary M. Faden**

<u>CERTIFICATE OF SERVICE</u>

In accordance with Tex. R. App. P. 9.5, I, Cary M. Faden, certify that a true and correct copy of the foregoing Petition For Discretionary Review has been served, by U.S. Mail, upon Cliffton Javon Johnson, to the attorney for the State Of Texas, John F. Healey, Jr., District Attorney, Appellate Division, 301 Jackson Street, Room 101, Richmond, Texas 77469, to the State Of Texas Prosecuting Attorney, Lisa C. McMinn, P. O. Box 13046, Captiol Station, Austin, Texas 78711 on this the 1st day of February, 2015.

**/s/CARY M. FADEN**
**Cary M. Faden**

December 23, 2014



# JUDGMENT

# The Fourteenth Court of Appeals

CLIFFTON JAVON JOHNSON, Appellant

NO. 14-14-00053-CR        V.

THE STATE OF TEXAS, Appellee

---

This cause was heard on the transcript of the record of the court below. Having considered the record, this Court holds that there was no error in the judgment. The Court orders the judgment **AFFIRMED**.

We further order appellant pay all costs expended in the appeal.

We further order this decision certified below for observance.

**Affirmed and Memorandum Opinion filed December 23, 2014.**



In The

# ℑourteenth Court of Appeals

---

## NO. 14-14-00053-CR

---

## CLIFFTON JAVON JOHNSON, Appellant

### V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Cause No. 13-DCR-063125**

---

## MEMORANDUM OPINION

Appellant Cliffton Javon Johnson appeals his conviction for injury to the elderly. In a single issue, appellant argues the evidence is insufficient to sustain the element of bodily injury to the complainant. We affirm.

### BACKGROUND

Appellant's grandfather, Charlie Johnson, testified that he is 82 years old. On the date of the offense Johnson was visiting his daughter's house when

appellant and a friend named Patrick Smith came to Johnson's daughter's house.[1] Johnson saw appellant hit Smith, and attempted to break up the fight by talking with appellant. Appellant and Johnson exchanged cross words, and appellant hit Johnson so hard that Johnson fell to the ground injuring his left hip, left arm, and cutting his face near his eye. Johnson's daughter also attempted to intervene, but appellant assaulted her.

Smith testified that appellant was taking PCP on the day of the offense. Smith saw appellant hit Johnson and knock him down, and also saw appellant hit his mother. Appellant's mother also testified to the assault on Johnson.

Appellant testified that he had not taken PCP on the day of the offense, but had drunk two 24-ounce beers. Appellant said he did not intentionally hit Johnson, but that Johnson jumped into an altercation between appellant, Smith, and appellant's "Uncle Keith."

One of Johnson's granddaughters testified that she had asked Johnson to sign an affidavit stating that appellant had not intentionally assaulted him. The granddaughter wrote out the language, which read, "I do not believe my grandson, Clifton Jovan [sic] Johnson, intentionally hit me during an altercation at my daughter's home in April 2013. My grandson is not a harmful person, and I am certain he did not strike me knowingly and intentionally." Johnson testified that he remembered signing an affidavit, but the document he signed did not contain that language.

## ANALYSIS

In a single issue appellant challenges the sufficiency of the evidence to support his conviction. Specifically, he challenges the sufficiency of the evidence

---

[1] Johnson's daughter is appellant's mother.

to sustain the element of bodily injury to Johnson.

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether a rational jury could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). In making this review, an appellate court considers all evidence in the record, whether it was admissible or inadmissible. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013).

We may not substitute our judgment for that of the jury by reevaluating the weight and credibility of the evidence. *Brooks v. State*, 323 S.W.3d 893, 900 (Tex. Crim. App. 2010). We defer to the jury's responsibility to resolve any conflicts in the evidence fairly, weigh the evidence, and draw reasonable inferences. *Id*. The jury alone decides whether to believe eyewitness testimony, and it resolves any conflicts in the evidence. *Id*. In conducting a sufficiency review, we do not engage in a second evaluation of the weight and credibility of the evidence, but only ensure the jury reached a rational decision. *Young v. State*, 358 S.W.3d 790, 801 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd).

A person commits the offense of injury to the elderly if he intentionally, knowingly, recklessly, or with criminal negligence, engages in conduct that causes to an elderly individual: (1) serious bodily injury; (2) serious physical or mental deficiency or impairment; (3) disfigurement or deformity; or (4) bodily injury. Bodily injury is defined as, "physical pain, illness, or any impairment of physical condition." Tex. Penal Code § 1.07(8). This definition is broadly construed to include "even relatively minor physical contacts so long as they constitute more than mere offensive touching." *Lane v. State*, 763 S.W.2d 785, 786 (Tex. Crim.

3

App. 1989). "A fact finder may infer that a victim actually felt or suffered physical pain because people of common intelligence understand pain and some of the natural causes of it." *Garcia v. State*, 367 S.W.3d 683, 688 (Tex. Crim. App. 2012).

The record reflects testimony from the victim and two witnesses that appellant hit Johnson so hard that Johnson fell to the ground. Johnson testified that his left arm and hip were injured. The State admitted a photograph of Johnson showing the injury to his face. Based on Johnson's testimony, and the jury's view of the photographs showing Johnson's injury, a rational juror could have concluded that Johnson suffered bodily injury as a result of appellant striking him. Therefore, we conclude a rational jury could have found beyond a reasonable doubt that appellant committed the offense of injury to the elderly. We overrule appellant's sole issue.

The trial court's judgment is affirmed.


/s/     Ken Wise
Justice


Panel consists of Justices Christopher, Donovan, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).